UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY RANDAZZO | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | NO.: 19-00129-BAJ-RLB |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 9)** pursuant to 28 U.S.C. §636(b)(1). The Report and Recommendation addresses pro se Petitioner Timothy Randazzo's habeas corpus petition (Doc. 1) pursuant to 28 U.S.C. §2254, attacking his criminal conviction and sentence entered in 2011. The Magistrate Judge recommended that Petitioner's habeas corpus relief be denied, with prejudice, as untimely, and that in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied. (Doc. 9 at p. 6).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. §636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Petitioner filed a timely objection, and Defendants did not respond.

The Magistrate Judge found Petitioner's petition to be untimely under 28 U.S.C. §2244(d). Section 2244(d) provides a one-year statute of limitations for federal habeas corpus claims brought by prisoners in state custody. The limitations period begins to run (1) on the date that the judgment becomes final through the conclusion of direct review or (2) through the expiration of time for seeking such review. 28 U.S.C. §2244(d)(1)(A). Here, a total of 557 days elapsed between the time Petitioner's conviction became final and the filing of the petition.

In his objection, Petitioner argues that although his petition was untimely, the delay in the filing of the petition was due to circumstances beyond his control. (Doc. 10 at p. 2). Specifically, Petitioner alleges that he was provided assistance with his case by inmate counsel, but that his inmate counsel misplaced all of his legal documents. Petitioner further states that he was transferred to another facility, which caused a delay in receiving his legal papers. Petitioner claims that a year and a half passed before he received most of his legal papers. Petitioner received assistance from inmate counsel at the new facility and was told that his petition could still be timely if filed. Petitioner asserts that it was the incompetent assistance of counsel that caused his petition to be filed untimely. Petitioner asks this Court to consider his circumstances to be extraordinary circumstances that qualify for equitable tolling under *Holland v. Florida*, 560 U.S. 631, 130 S.Ct 2549 (2010).

In *Holland*, the Supreme Court of the United States ruled that the one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling in appropriate cases. The Supreme Court made clear that a

petitioner is entitled to equitable tolling only if (1) he shows that he was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. The Magistrate Judge found that Petitioner did not show that he pursued his rights diligently, because extended periods of inactivity exist between Petitioner's filings. The Magistrate Judge also found that Petitioner failed to exercise such diligent conduct that would warrant equitable tolling.

The doctrine of equitable tolling is to be applied restrictively, and the United States Court of Appeals for the Fifth Circuit has held that it should be applied in "rare and exceptional circumstances when a strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell*, 294 F.3d 674,682 (5th Cir. 2002). This Court agrees that this case lacks a showing of reasonable diligence as required to warrant the application of equitable tolling. Petitioner allowed 557 days to elapse between the conclusion of direct review and the filing of his habeas petition. This cannot be said to display reasonable diligence in pursuing an inmate's rights.

The Magistrate Judge did not explore whether Petitioner's situation was one of extraordinary circumstances. The Magistrate Judge did not reach this issue because the first element of equitable tolling, reasonable diligence, was not found. Although the absence of one element prevents the Court from finding that equitable tolling is warranted, the Court will nonetheless address the second element, because it is the basis of Petitioner's objection. The Fifth Circuit has defined extraordinary circumstances as when the petitioner is "prevented in some extraordinary way from asserting his rights." See *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999)(quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Petitioner alleges extraordinary circumstances but provides no proof of such, and he offers no facts describing his efforts to retrieve his legal paperwork. The series of events Petitioner describes as extraordinary circumstances are delays rather than roadblocks to asserting his rights. Reasonable diligence could have overcome these delays. The 557 days between the date Petitioner's conviction became final and the filing of the petition, without more proof, strongly reveals a lack of reasonable diligence and extraordinary circumstances. Thus, the Court finds that equitable tolling is not warranted in this case.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 9)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is **DENIED**.

Baton Rouge, Louisiana, this 25th day of September, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4